UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,　　　　　　　　Case No. 1:10-cv-943

　　Plaintiffs,　　　　　　　　　　　　　　Dlott, C.J.
　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

　　Defendants.

## REPORT AND RECOMMENDATION[1]

This civil action is before the Court on Defendants National Combined Benefits Association, Gary Bastie, Roberta Bastie, Jack Winebrenner and L.M. Winebrenner's motions to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 88, 116) and the parties' responsive memoranda. (Docs. 101, 119, 146, 149). Also before the Court is Defendant Ashley Atley's motion for judgment on the pleadings (Doc. 100), Plaintiffs' memorandum *contra* (Doc. 122), and Defendant Atley's reply memorandum. (Doc. 150). Defendants' motions have been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein I now recommend that the Defendants' motions be DENIED without prejudice.

**I. Background and Procedural History**

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants for violations of federal and state law arising out of an alleged fraudulent insurance scheme. (Doc. 1). That same day, Plaintiffs' moved for an ex parte temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendants Americans for Affordable Healthcare, Inc. ("AFAH"), National Association of Consumers Direct ("NACD"), Spencer & Associates, LLC, Integrated Insurance Marketing, Inc. ("IIM"), CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Docs. 1-3.) On January 3, 2011, the Court granted Plaintiffs' motion for a temporary restraining order. Following a show cause hearing on January 12, 2011, the Court issued a Preliminary Injunction against Defendants AFAH, NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Doc. 12).

Thereafter, Plaintiffs filed an amended complaint on April 15, 2011. (Doc. 23). The 60 page amended complaint asserts fourteen causes of action against more than forty known defendants and up to 100 unknown John Doe Defendants.[2] The factual allegations are summarized as follows:

Plaintiffs all suffer from cystic fibrosis, which often results in lengthy hospital stays. Based on their condition, Plaintiffs became interested in hospital indemnity insurance programs that would provide cash payments for a portion of the time that they were

---

[2] On November 17, 2011, the Clerk Entered Default against the following Defendants: Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188).

hospitalized. In order to gain access to such benefits, Plaintiffs joined consumer membership associations that offered access to such programs to its members. However, Plaintiffs allege that the hospital indemnity insurance programs offered by such membership organizations were never properly underwritten by legitimate insurance companies. Thus, although Plaintiffs made the required monthly premium payments and filed valid claims under the terms of the relevant policies, no claims were ever paid.

After the continued denial of their claims, Plaintiffs' retained counsel in an attempt to secure payment for their pending claims. Plaintiffs' counsel discovered that many of the membership organizations and affiliated insurance companies have been the subject of many lawsuits, regulatory investigations, and actions in multiple states with respect to participation in health insurance scams similar to the plans in which Plaintiffs were participants. In light of the foregoing, Plaintiff's amended complaint asserts the following claims against the "Defendants" individually and collectively:

   Count I - RICO Civil Action
   Count II - Breach of Contract (AFAH Plan)
   Count III - Breach of Contract (NACHP Supplement)
   Count IV - Fraudulent Misrepresentation
   Count V - Negligent Misrepresentation
   Count VI - Negligent Procurement of Insurance
   Count VII- Promissory Estoppel
   Count VIII- Unjust Enrichment
   Count IX - Declaratory Judgment
   Count X - Bad Faith
   Count XI - Liability for Criminal Conduct
   Count XII - Conversion
   Count XIII - Intentional Interference with Contract
   Count XIV - Individual and Vicarious Liability

(Doc. 23).

Counts I - XIV are asserted against "Defendants" individually and/or collectively and

do not include any specific allegations addressing each particular Defendant and do not state how each Defendant's conduct was unlawful.

A. *Standard for Dismissal Pursuant to Rule 12(b)(6)*[3]

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Additionally, a court may consider exhibits attached to the complaint and public records in deciding a motion to dismiss under certain circumstances. *Amini v. Oberlin*

---

[3] The same standard of review applies to Defendant Atley's motion for judgment on the pleadings. *See EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss).

*College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)).  Though, generally, a court may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### B.  Summary of the Pending Motions

#### *I.  Defendant NCBA's motion to dismiss*

Defendant National Combined Benefits Association is one of the membership organizations named in the amended complaint that Plaintiffs joined in order to have access to a hospital indemnity program.  NCBA purported to offer such insurance from Continental American Insurance Company ("CAIC").  The amended complaint alleges that in June 2009, NCBA notified Plaintiffs that CAIC would no longer be offering NCBA members hospital indemnity insurance.  Doc. 23, ¶¶ 12-13.  Plaintiffs allege that shortly thereafter, NCBA provided the Plaintiffs with information regarding NCBA's replacement hospital indemnity insurance program, which explained the new hospital indemnity insurance program.  *Id.* ¶ 14.  Plaintiffs contend that NCBA collected premiums from Plaintiffs for the replacement hospital indemnity insurance and that Plaintiffs submitted claims to the hospital indemnity insurer.  Plaintiffs further contend that all such claims were denied because the replacement coverage quoted by NCBA did not actually exist.  *Id.* ¶¶ 16-21, 26.

The amended complaint also alleges that NCBA is the "alter ego" of Defendant

National Association of Consumers Direct ("NACD") another consumer membership organization. As such, Plaintiffs alleges that NCBA is also responsible for the alleged misconduct of NACD, and other Defendants affiliated with NACD, who used NCBA to launder money that they collected as premiums for coverage that did not exist. *Id.* ¶ 32. However, the amended complaint does not contain any factual allegations in support of these assertions.

National Combined Benefits Association moves to dismiss Counts I, II, III, IV, IX, X, and XI of Plaintiffs' amended complaint as asserted against NCBA. (Doc. 88). NCBA contends that such claims should be dismissed because 1) Plaintiffs fail to plead their fraud-related counts with the requisite specificity, 2) Plaintiffs' breach of contract claims fail as a matter of law against NCBA because NCBA was not a party to any of the contracts Plaintiffs claim were breached, and 3) Plaintiffs' claims under Ohio Rev. Code § 2307.60 fail as a matter of law because they do not allege that NCBA has been convicted of a crime.

## II. Defendant Atley's Motion for Judgment on the pleadings

With respect to Defendant Atley, the only allegation in Plaintiffs' 60 page, 183 paragraph, 14 Count amended complaint that relates to her is an allegation that Defendant Atley "is an individual residing in Jamestown, Ohio" and "is identified as the Secretary, the Treasurer and a Director of Americans for Affordable Healthcare ("AFAH") in the records of the Arizona Corporate Commission." (Doc. 23 at ¶ 86). While the complaint contains substantial factual allegations relating to AFAH, there are no additional allegations relating to Defendant Atley, other than the conclusory allegations of liability relating to all Defendants contained in ¶¶ 100-183. (Doc. 23, at ¶¶ 100-183). Thus, Defendant Atley

contends that the amended complaint fails to include any allegations regarding any specific act or omission of Defendant Atley that would provide a basis for any of the claimed relief, and as such, she is entitled to judgment on the pleadings.

Despite the absence of allegations directed specifically towards Defendant Atley, Plaintiffs' maintain that Atley's motion should be denied because liablity against all Defendants is alleged to be joint, several and vicarious based upon the relationship between the parties. Plaintiffs further argue that Defendant Atley can be held individually liable for the activities of AFAH, under certain circumstances. However, Plaintiffs' fail to include any factual allegations that Atley's actions permit the Court to hold her personably liable for the activities of AFAH.

> *III. AIM Defendants' motion to dismiss and motion for leave to file a cross claim*

*Pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner and Larry Winebrenner (collectively referred to as "AIM Defendants") also move to dismiss Plaintiffs claims assert against them. These defendants served as Officers of the Association of Independent Managers (AIM). AIM is another membership organization that provided access to a hospital insurance indemnity program. The amended complaint alleges that K. Weiler and J. Weiler joined AIM for purposes of having access to a hospital indemnity insurance program for their daughters.

Other than asserting that these Defendants are officer/directors of AIM, the amended complaint does not include any specific allegations addressing these Defendants. Similar to Defendant Atley, Plaintiffs argue that the AIM Defendants can be held personally liable for the activities of AIM if: (1) they, and others working in concert with them, exercised

such control over AIM that it had no separate mind, will or existence of its own; (2) control by such persons was exercised in such a manner as to commit fraud or other illegal acts against Plaintiffs; and (3) injury or unjust loss resulted to Plaintiffs further assert that these defendants can be statutorily held liable as a directors or officers of AIM for individually, or in concert with others, acting in contravention of such corporate statutes. While this assertion may be correct as a matter of law, Plaintiffs' amended complaint fails to include any factual allegations that the AIM Defendants engaged in such conduct.[4]

C.   *Recommendation of the Court*

The amended complaint, while lengthy, consists primarily of conclusory allegations and fails to include sufficient specific factual allegations directed toward many of the individually-named defendants. *See Iqbal*, 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" [to state a claim for relief].). Thus, the undersigned finds that the amended complaint, as currently written, fails to meet the pleading requirements set for the by the Court in *Iqbal* and *Twomby* and therefore does not state a claim for relief against Defendant NCBA, Defendant Atley and the AIM Defendants.

As correctly noted by Defendant NCBA, Plaintiffs' fraud related claims (Counts I, IV) are subject to the particularity requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b), Fed. R. Civ. P. provides in pertinent part: "[i]n all averments of

---

[4] Also before the Court is the AIM Defendants' motion for leave to file a cross claim against co-defendant Louis DeLuca. (Doc. 138). Defendants' motion is not well-taken and is premature. There is no evidence that Mr. DeLuca has been properly served, and Defendants have failed to present sufficient evidence that the filing of a permissive cross-claim is warranted in this case.

fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "To satisfy the requirements of this rule, the plaintiff must allege specifically times, places, contents and victims of the underlying fraud."  This requires a plaintiff to describe specific acts of the fraud within the pleadings.  *Leeds v. City of Muldraugh, Meade County, KY*, 174 F. App'x 251, 254 (6th Cir. 2006); *See also United States ex rel. Bledsoe v. Community. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (under the FRCP 9(b)'s particularity requirement for averments of fraud, plaintiffs must plead "the time, place and contents of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.").  Thus, "a [fraud] complaint may not rely upon blanket references to acts or omissions by all of the 'defendants,' " *Bledsoe* at 643, which is exactly what Plaintiffs' amended complaint does here.

In response to Defendants' motions, Plaintiffs argue that they have adequately pled valid claims against NCBA, Atley and the AIM Defendants because liability against all Defendants is alleged to be joint, several and vicarious based upon the relationships between the parties.  Plaintiffs' maintain that they are not required to specifically plead all of the evidence relating to their fraud claims prior to conducting discovery.[5]  Plaintiffs further contend that the pending motions should be denied because the Court's issuance of a preliminary injunction establishes that they have stated a claim for relief and that Plaintiffs are likely to succeed on the merits.  Notably, after a show cause hearing, Chief Judge Dlott found:

---

[5] The parties Rule 26(f) Report is to be filed with the Court no later than January 22, 2012.  (Doc. 191).

> There is good cause to believe that Defendants[6] have engaged, and are likely to engage in the future, in acts and practices that are deceptive and violate the Ohio Revised Code and related federal statutory provisions, and that the Plaintiffs are therefore likely to prevail on the merits of this action.

(Doc. 12 at 3).

Presumably, the Court made such a finding based upon Plaintiffs' presentation of evidence and supporting factual allegations that those certain Defendants engaged in certain conduct. However, Plaintiffs' amended complaint fails to include sufficient factual allegations establishing that Defendant NCBA, Defendant Atley, and the AIM Defendants also actively engaged in such conduct.

Plaintiffs' argue, in the alternative, that if the Court finds one or more of their claims to be inadequately pled as to survive a motion to dismiss, they should be granted leave to further amend their allegations. *See Bledsoe*, 342 F.3d at 644-645 (remanding case to the district court to allow [Plaintiff] to comply with Rule 9(b) by amending his amended complaint). *See also In EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). The undersigned agrees.

Although Plaintiffs' amended complaint does not contain sufficient factual allegations to state a claim for relief against the moving Defendants, the Court finds that dismissal is improper at this time. In light of the serious nature of the allegations in the amended complaint, as well as the procedural history of this case, the undersigned agrees that

---

[6] "Defendants" means AFAH , NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., and Paul J. Olzeski. (Doc. 12 at 4).

Plaintiffs should be granted leave to file a second amended complain prior to the dismissal of their claims.[7]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motions to dismiss (Docs. 88, 116) and for judgment as a matter of law (Doc. 100) be DENIED, without prejudice. Defendants should be permitted to re-file such motions after the filing of Plaintiffs second amended complaint.

2. Defendants' motion for leave to file a cross claim (Doc. 138) be DENIED.

                                                          *s/Stephanie K. Bowman*
                                                          Stephanie K. Bowman
                                                          United States Magistrate Judge

---

[7] An Order granting Plaintiffs leave to file a second amended complaint will be docketed separately from this Report and Recommendation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BAILEY BROADBENT, et al., | Case No. 1:10-cv-943 |
| Plaintiffs, | Dlott, C.J.<br>Bowman, M.J. |
| vs. | |
| AMERICANS FOR AFFORDABLE<br>HEALTHCARE INC., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981)