UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,          Case No. 1:10-cv-943

    Plaintiffs,                            Dlott, C.J.
                                       Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 199). Default was entered in this case against the following Defendants: Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188). Plaintiffs now request that judgment be entered jointly and severally in their favor against the defaulting parties as follows: treble damages in the amount of $907,350.00 (base claim is $302,450.00), punitive damages in the amount of $604,900.00, attorney's fees in the amount of $102,075.00, for a total sum of $1,614,325.00 plus pre-judgment interest and post-judgment interest. (Doc. 199).

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgment. Once

a default is entered, the Defendants are considered to have admitted all of the well pleaded allegations in the complaint, including jurisdiction. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E.D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)).

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). In order for the Court to enter judgment, the Court must determine the amount of damages. Under Rule 55, the Court may conduct hearings or make a referral if it needs to conduct an accounting, determine the amount of damages, or establish the truth of any allegation by evidence. However, Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court. *J & J Sports Production, Inc. v. Lukes*, No. 1:10 CV 00535, 2010 WL 4105663 at *1 (N.D. Ohio Oct.18, 2010).

In support of their motion for default judgment, Plaintiffs' have provided: (1) Affidavits of Plaintiffs Lee Ann Scheonrock, Bailey Broadbent, Melanie Berger, and Joseph Tritola, previously filed with this Court on January 11, 2011 (Doc. 7, Exs. A-D ); (2) Affidavits of Kevin, Colleen, and Jacqueline Weiler (Doc. 199, Exs. 1-3); and (3) the affidavit of Richard M. Garner (Doc. 199, Ex. 4)[1]. These Affidavits, however, do not contain any documentary

---

[1] Plaintiff also submitted an Affidavit that complies with the requirements of the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), which shows that Defaulting Defendants Craig Cooke, Donald Densmore, Gary Karns, Steven K. McLaughlin, William Prouty, and Robert Stehlin are not currently serving in the military or is otherwise unable to determine if defaulting party is in military service. (Doc. 199, Ex. 5).

evidence and fail to include any specific calculations relating to the claimed compensatory and punitive damages amounts. Additionally, Plaintiffs' counsel's Affidavit in support of their request for attorney fees asserts only that the fees accrued in this case to date are $102,075.00. (Doc. 199, Ex. 4). The Affidavit does not attach any detailed time sheets or billing statements, and does not identify the hourly rate requested. In light of the foregoing, the undersigned finds the submitted evidence is insufficient to ascertain Plaintiffs' damages and determine the necessary sum certain as required to grant default judgment under Rule 55.

Accordingly, **within twenty (20) days** of the date of this Order, Plaintiffs' shall provide the Court with: (1) documentary evidence and/or affidavits clearly evidencing the calculations used to determine Plaintiffs' requested damage(s) award, and (2) detailed time sheets or billing statements in support of Plaintiffs' claim for attorney fees.

**IT IS SO ORDERED.**

                                                   *s/Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge