UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,

Plaintiffs,

vs.

AMERICANS FOR AFFORDABLE HEALTHCARE INC., et al.,

Defendants.

Case No. 1:10-cv-943

Dlott, C.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Currently pending before the Court is Plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Doc. 199) and supporting affidavits. (*See* Doc. 7, Exs. A-D ; Doc. 199, Exs.1-3; Docs. 210, 211). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

**I. Background and Procedural History**

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants for violations of federal and state law arising out of an alleged fraudulent insurance scheme. (Doc. 1). That same day, Plaintiffs' moved for an ex parte temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendants Americans for Affordable Healthcare, Inc. ("AFAH"), National Association of Consumers Direct ("NACD"), Spencer & Associates, LLC, Integrated

Insurance Marketing, Inc. ("IIM"), CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Docs. 1-3.) On January 3, 2011, the Court granted Plaintiffs' motion for a temporary restraining order. Following a show cause hearing on January 12, 2011, the Court issued a Preliminary Injunction against Defendants AFAH, NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Doc. 12).

Thereafter, Plaintiffs filed an amended complaint on April 15, 2011. (Doc. 23). The 60 page amended complaint asserts fourteen causes of action against more than forty known defendants and up to 100 unknown John Doe Defendants. The factual allegations are summarized as follows:

Plaintiffs all suffer from cystic fibrosis, which often results in lengthy hospital stays. Based on their condition, Plaintiffs became interested in hospital indemnity insurance programs that would provide cash payments for a portion of the time that they were hospitalized. In order to gain access to such benefits, Plaintiffs joined consumer membership associations that offered access to such programs to its members. However, Plaintiffs allege that the hospital indemnity insurance programs offered by such membership organizations were never properly underwritten by legitimate insurance companies. Thus, although Plaintiffs made the required monthly premium payments and filed valid claims under the terms of the relevant policies, no claims were ever paid.

After the continued denial of their claims, Plaintiffs' retained counsel in an attempt to secure payment for their pending claims. Plaintiffs' counsel discovered that many of the membership organizations and affiliated insurance companies have been the subject of many lawsuits, regulatory investigations, and actions in multiple states with respect to

participation in health insurance scams similar to the plans in which Plaintiffs were participants. In light of the foregoing, Plaintiff's amended complaint asserts the following claims against the Defendants individually and collectively:

Count I - RICO Civil Action
Count II - Breach of Contract (AFAH Plan)
Count III - Breach of Contract (NACHP Supplement)
Count IV - Fraudulent Misrepresentation
Count V - Negligent Misrepresentation
Count VI - Negligent Procurement of Insurance
Count VII- Promissory Estoppel
Count VIII- Unjust Enrichment
Count IX - Declaratory Judgment
Count X - Bad Faith
Count XI - Liability for Criminal Conduct
Count XII - Conversion
Count XIII - Intentional Interference with Contract
Count XIV - Individual and Vicarious Liability

(Doc. 23).

On November 17, 2011, the Clerk Entered Default against the following Defendants: Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188).

**II. Analysis**

Plaintiffs are now before the Court seeking default judgment against the defaulting parties. (Doc. 199). The file and records in this action show: (1) The amended complaint in this action was filed against the Defendants on or about December 28, 2010 (Doc. 23); (2) the summons and complaint were duly served on defendants (Docs. 30, 31, 34, 36, 39,

43); (3) no answer or other defense has ever been filed by Defendants as shown by the records of this Court; (4) default has been entered in the civil docket in the office of the Clerk of this Court (Doc. 188); and (5) no proceedings have been taken by Defendants since the default was entered.

Fed. R. Civ. P. 55(b)(1) provides that after entry of default, if the Plaintiffs' claim is for a sum certain or a sum that can be made certain by computation, the clerk must enter default judgment. Ordinarily, the default itself establishes the defendant's liability. Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). *See also Trice v. Lake & Country Real Estate,* No. 86-1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods*., 722 F.2d 1319, 1323 (7th Cir. 1983)).

Accepting as true the facts set forth in the complaint, Defendants are liable to Plaintiffs for breach of contract, negligent misrepresentation, fraudulent misrepresentation, conversion, criminal conduct pursuant to Ohio Rev. Code §2307.60, negligence, bad faith, as well as violations of 18 U.S.C. §1964(c) (RICO claim). As for the amount of damages, Plaintiffs request that default judgment be entered jointly and severally as follows: Judgment in favor of Plaintiffs as follows: treble damages in the amount of $907,350.00 (base claim is $302,450.00), punitive damages in the amount of $604,900.00, attorney's fees in the amount of $102,075.00, for a total sum of $1,614,325.00 plus prejudgment interest and postjudgment interest.

In support of their motion for default judgment, Plaintiffs' have provided: (1) Affidavits of Plaintiffs Lee Ann Scheonrock, Bailey Broadbent, Melanie Berger, and Joseph Tritola,

previously filed with this Court on January 11, 2011 (Doc. 7, Exs. A-D ); (2) Affidavits of Kevin, Colleen, and Jacqueline Weiler (Doc. 199, Exs. 1-3); and (3) the affidavit of Richard M. Garner. (Doc. 199, Ex. 4)[1]. Upon request by the Court, Plaintiffs filed a supplemental affidavit which included a detailed damages calculation in support of the amounts sought. (Doc. 210). Plaintiffs have also provided the Court with an additional affidavit of attorney Richard M. Garner with supporting documentation to establish the amount of costs and attorney fees incurred.[2] (Doc. 211).

The evidence establishes that pursuant to the hospital indemnity programs, Plaintiffs were entitled to receive $1,000 per day for each hospital confinement under the Americans for Affordable Healthcare Plan ("AFAH"), and $500 a day of hospital confinement under the National Alliance of Consumers and Healthcare Professionals Plan ("NACHP"). Having carefully reviewed Plaintiffs' documentation setting forth their damages calculations, the Court finds that Plaintiffs have established their right to recover the damages amounts set forth in the motion for default judgment. Accordingly, Plaintiffs are entitled to the following damage amounts:

(A) Plaintiff Lee Ann Scheonrock

| | | |
|---|---|---|
| Hospitalized 67 days x $1,000 per day AFAH | = | $67,000.00 |

(B) Plaintiff Bailey Broadbent

| | | |
|---|---|---|
| Hospitalized 52 days x $1,000 per day AFAH | = | $52,000.00 |
| Office visits 4 x $75.00 per AFAH visit plan | = | $300.00 |

---

[1] Plaintiff also submitted an Affidavit that complies with the requirements of the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), which shows that Defaulting Defendants Craig Cooke, Donald Densmore, Gary Karns, Steven K. McLaughlin, William Prouty, and Robert Stehlin are not currently serving in the military or is otherwise unable to determine if defaulting party is in military service. (Doc. 199, Ex. 5).

[2] The affidavit and time sheets were submitted to the Court, *in camera*, due to the protected and privileged information contained therein. (Doc. 211).

(C) Plaintiff Melanie Berger

| | | |
|---|---|---|
| Hospitalized 57 days x $1,000 per day AFAH | = | $57,000.00 |
| Office Visits 2 x $75.00 per visit AFAH | = | $150.00 |

(D) Plaintiff Joseph Tritola

| | | |
|---|---|---|
| Hospitalized 97 days x $1,000 per day AFAH | = | $97,000.00 |

(E) Plaintiff Jacqueline Weiler

| | | |
|---|---|---|
| Hospitalized 27 days x $500 per day NACHP | = | $13,500.00 |

(F) Plaintiff Colleen Weiler

| | | |
|---|---|---|
| Hospitalized 47 days x $500 per day NACHP | = | $15,5000[3] |

| | | |
|---|---|---|
| **Total Base Claims** | **=** | **$302,450.00** |

**Treble Damages**[4]

| | | |
|---|---|---|
| $302,450.00 (amount of base claim) x 3 | = | $907,350.00 |

**Punitive Damages**[5]

| | | |
|---|---|---|
| $302,450.00 (amount of base claim) x 2 | = | $604,900.00 |

**Attorney's Fees**

| | | |
|---|---|---|
| $102,075.00 as of the time of filing Motion for Default | = | $102,075.00 |

| | | |
|---|---|---|
| **Total Damage Award** | **=** | **$1,614,325.00** |

[3] This amount is 31 days x $500 per day under the NACHP plan. The maximum allowance under the NACHP is 31 days.

[4] Plaintiffs' are entitled to recovery of treble damages and attorney fees for Defendants' RICO violations. *See* 18 U.S.C. §1964(c)

[5] In Ohio, punitive damages may be awarded in tort actions which involve fraud, malice, or insult. *Preston v. Murty*, 32 Ohio St.3d, 334, 512 N.E.2d 1174 (Ohio 1987) (citing *Roberts v. Mason,* (1859), 10 Ohio St. 277). Plaintiffs' amended complaint contains sufficient allegations of fraud to sustain an award of punitive damages. Furthermore, Ohio courts have held that doubling the amount of compensatory damages for a punitive damages award is not excessive. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 781 N.E.2d 121 (Ohio 2002).

## III. Conclusion

Based on the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

(1) Plaintiffs' motion for default judgment (Doc. 199) should be **GRANTED, in part**; and

(2) Default judgment should be entered in favor of Plaintiffs, jointly and severally, against Defendants Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin for a total of **$1,614,325.00**, as outlined above, plus prejudgment and postjudgment interest.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,

Plaintiffs,

vs.

AMERICANS FOR AFFORDABLE HEALTHCARE INC., et al.,

Defendants.

Case No. 1:10-cv-943

Dlott, C.J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981)