UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,　　　　　　Case No. 1:10-cv-943

　　Plaintiffs,　　　　　　　　　　　　　Dlott, C.J.
　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

　　Defendants.

## MEMORANDUM ORDER

This civil action is now before the Court *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner (collectively "Bastie Defendants"), motion to quash (Doc. 218) and Plaintiff's motion to strike the following documents filed by the Bastie Defendants:

　　1) Doc. 202, filed Jan. 17, 2012: "Notice and Objection to the Court Regarding Plaintiff Weiler's False Testimony and Fraud Upon the Court According to Plaintiffs' Motion for Default Judgment (Fed. R. Civ. Pro. 55(b)(2))" ("Objection");

　　2) Doc. 204, filed Jan. 23, 2012: "Notice to the Court Regarding Correction and Notice of New Exhibits" ("Correction);

　　3) Doc. 213, filed March 23, 2012: "Second Amended Motion to Dismiss" ("Motion to Dismiss"); and

　　4) Doc. 217, filed April 4, 2012: "Defendants' Objection to Plaintiffs' Supplemental Affidavit in Support of Motion for Default Judgment (Fed. R. Civ. Pro. 55(b)(2))";

　　5) Doc. 218, filed April 4, 2012: "Defendants' Motion to Quash Plaintiffs Supplemental Affidavit in Support of Motion for Default Judgment (Fed. R. Civ. Pro. 55(b)(2))";

6) Doc. 219, filed April 4, 2012: "Defendants Bastie, Bastie, Winebrenner, and Winebrenner's Response Regarding Garner Having Violated 18 USC 1341"; and

7) Doc. 223, filed April 6, 2012: "Motion to Dismiss for Lack of Subject Matter Jurisdiction (USC Rule 12(b)(1))".

The pending motions will be addressed in turn.

**I. Relevant Background and Facts**

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants, including *pro se* defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and L.M. Winebrenner who are officers and board members of Defendant Association of Independent Managers("AIM")[1] for violations of federal and state law arising out of an alleged fraudulent insurance scheme.  (Doc. 1).

On July 6, 2011, in response to two Motions for Extension of Time, an Answer, and a Motion to Dismiss filed by the Bastie Defendants on behalf of Defendant The Association of Independent Managers, Inc. ("the Association") (Docs. 54, 75, 85), the Court issued an Order stating "that any corporate defendant or association must proceed with counsel in this litigation.  *Any pro se* pleading filed on behalf of a corporation or association will be stricken."  (Doc. 110).

On November 17, 2011, the Clerk Entered Default against the following Defendants:

---

[1] Plaintiffs' allege that Gary Bastie is the president of Association of Independent Managers ("AIM") and Roberta Bastie is the Secretary/treasurer of AIM.  The second amended complaint further alleges that Jack Winebrenner is the found and Chairman of the Board of AIM and L.M. Winebrenner was the Vice President and a Director of AIM.

Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188) On December 30, 2011, Plaintiff's filed a motion for default judgment seeking over $1.6 million in damages from the defaulting parties. On February 12, 2012, in connection with Plaintiffs' motion for default judgment, the Court Ordered Plaintiffs' provide the court with (1) documentary evidence and/or affidavits clearly evidencing the calculations used to determine plaintiffs' requested damages award, and (2) detailed time sheets or billing statements in support of plaintiffs' claim for attorney fees. Plaintiffs' submitted the requested information and the undersigned issued a Report and Recommendation that Plaintiffs' motion for default judgment be granted *in toto.* (Doc. 214). Chief Judge Dlott recently recommitted this matter to the undersigned with instructions to conduct an evidentiary hearing on the matter of damages and to consider any timely filed objections to Plaintiffs' Motion for Default Judgment or any documents filed in support of that motion. (Doc. 261).

**II. Analysis**

The Bastie Defendants seek to quash Plaintiffs' supplemental Affidavit filed in support of their motion for default judgment. The Bastie Defendants appear to assert that the statements and information contained in Plaintiffs' supplemental affidavits is unauthenticated, inadmissible and prohibited by the Parole Evidence Rule. Specifically, the Bastie Defendants assert that Plaintiffs obtained unauthorized and fraudulent contracts through a "bogus Association of Independent Managers" and the "real" Association never

had any knowledge of the fraudulent activity. Plaintiffs assert that these arguments should be stricken because they are made on behalf of the Association, which must be represented by counsel. Notably, an association cannot be represented in court by officers who are not licensed to practice law and admitted to the bar of this Court.

The undersigned finds no merit in Defendants' motion to quash. Notably, Defendants arguments are irrelevant to Plaintiffs' Motion for Default Judgment as the motions pertains to other parties and neither the Bastie Defendant nor the Association are subject to that motion. Accordingly, Defendants' motion to quash (Doc. 218) is **DENIED**.

Additionally, Plaintiffs' seek to strike the Notices filed by Defendants' (Docs. 202, 204, 217, 219) that appear to be objections to Plaintiffs' motion for default judgment and/or the undersigned Report and Recommendation addressing that motion. Plaintiffs' asserts that the argument raised in the notices are made on behalf of the corporate Defendant AIM in violation of controlling law and this Court's previous Order. *See* Doc. 110 ("any corporate defendant or association must proceed with counsel in this litigation. Any *pro se* pleading filed on behalf of a corporation or association will be stricken."). Notwithstanding this determination, as noted above, Chief Judge Dlott recently recommitted this matter to the undersigned with instructions to conduct an evidentiary hearing on the matter of damages and to consider any timely filed objections to Plaintiffs' Motion for Default Judgment or any documents filed in support of that motion. In light of Judge Dlott's Order, the undersigned's supplemental ruling on Plaintiff's motion for default judgment will either address the merits of the Notices and/or determine if the information and arguments contained in the Notices are properly before the Court. In light of the foregoing, Defendant's motion to strike (Doc.

229) is herein **DENIED as MOOT.**

    **IT IS SO ORDERED.**

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge