UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,　　　　　　　　Case No. 1:10-cv-943

　　Plaintiffs,　　　　　　　　　　　　　　　Dlott, C.J.
　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

　　Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner's (collectively "Bastie Defendants") motions to dismiss (Doc. 213, 233, 247) and Plaintiffs' responsive memoranda. (Docs. 223). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

### I. Relevant Background and Facts

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants for violations of federal and state law arising out of an alleged fraudulent insurance scheme. (Doc. 1). That same day, Plaintiffs' moved for an ex parte temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendants Americans for Affordable Healthcare, Inc. ("AFAH"), National

Association of Consumers Direct ("NACD"), Spencer & Associates, LLC, Integrated Insurance Marketing, Inc. ("IIM"), CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Docs. 1-3.) On January 3, 2011, the Court granted Plaintiffs' motion for a temporary restraining order. Following a show cause hearing on January 12, 2011, the Court issued a Preliminary Injunction against Defendants AFAH, NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski. (Doc. 12).

Thereafter, Plaintiffs filed an amended complaint on April 15, 2011. (Doc. 23). The 60 page amended complaint asserts fourteen causes of action against more than forty known defendants and up to 100 unknown John Doe Defendants. The factual allegations are summarized as follows:

Plaintiffs all suffer from cystic fibrosis, which often results in lengthy hospital stays. Based on their condition, Plaintiffs became interested in hospital indemnity insurance programs that would provide cash payments for a portion of the time that they were hospitalized. In order to gain access to such benefits, Plaintiffs joined consumer membership associations that offered access to such programs to its members. However, Plaintiffs allege that the hospital indemnity insurance programs offered by such membership organizations were never properly underwritten by legitimate insurance companies. Thus, although Plaintiffs made the required monthly premium payments and filed valid claims under the terms of the relevant policies, no claims were ever paid.

After the continued denial of their claims, Plaintiffs' retained counsel in an attempt to secure payment for their pending claims. Plaintiffs' counsel discovered that many of the membership organizations and affiliated insurance companies have been the subject of

2

many lawsuits, regulatory investigations, and actions in multiple states with respect to participation in health insurance scams similar to the plans in which Plaintiffs were participants. In light of the foregoing, Plaintiff's amended complaint asserts the following claims against the Defendants individually and collectively:

      Count I - RICO Civil Action
      Count II - Breach of Contract (AFAH Plan)
      Count III - Breach of Contract (NACHP Supplement)
      Count IV - Fraudulent Misrepresentation
      Count V - Negligent Misrepresentation
      Count VI - Negligent Procurement of Insurance
      Count VII- Promissory Estoppel
      Count VIII- Unjust Enrichment
      Count IX - Declaratory Judgment
      Count X - Bad Faith
      Count XI - Liability for Criminal Conduct
      Count XII - Conversion
      Count XIII - Intentional Interference with Contract
      Count XIV - Individual and Vicarious Liability

(Doc. 23).[1]

On July 6, 2011, in response to two Motions for Extension of Time, an Answer, and a Motion to Dismiss filed by the Bastie Defendants on behalf of defendant The Association of Independent Managers, Inc. ("the Association") (Docs. 54, 75, 85), the Court issued an Order stating "that any corporate defendant or association must proceed with counsel in this litigation. *Any pro se* pleading filed on behalf of a corporation or association will be stricken." (Doc. 110).

On November 17, 2011, the Clerk Entered Default against the following Defendants: Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald

---

[1] Notably, Plaintiffs' also filed a second amended complaint on January 16, 2012, adding additional supporting factually allegations. (Doc. 201). Plaintiffs' asserted causes of action remained unchanged.

Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188). On December 30, 2011, Plaintiff's filed a motion for default judgment seeking over $1.6 million in damages from the defaulting parties. On February 12, 2012, in connection with Plaintiffs' motion for default judgment, the Court Ordered Plaintiffs' to provide the court with (1) documentary evidence and/or affidavits clearly evidencing the calculations used to determine plaintiffs' requested damages award, and (2) detailed time sheets or billing statements in support of plaintiffs' claim for attorney fees. Plaintiffs' submitted the requested information and the undersigned issued a Report and Recommendation that Plaintiffs' motion for default judgment be granted *in toto.* (Doc. 214). Chief Judge Dlott recently recommitted this matter to the undersigned with instructions to conduct an evidentiary hearing on the matter of damages and to consider any timely filed objections to Plaintiff's Motion for Default Judgment or any documents filed in support of that motion. (Doc. 261).

**II. Analysis**

*A. Bastie Defendants' Motions to Dismiss (Docs. 213, 223, 247)*

Currently pending before the Court are three motions to dismiss filed by *pro se* defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and L.M. Winebrenner, all of whom are officers and/or board members of Defendant Association of Independent Managers ("AIM"). Plaintiffs' allege that AIM sold membership plans to individuals which offered insurance policies that were not properly underwritten. With respect to the Bastie Defendants, the second amended complaint alleges that they engaged in a conspiracy with

4

other named Defendants to conceal the alleged insurance scam.

In their motions to dismiss, Defendants' assert, *inter alia* that the allegations in Plaintiffs' complaint are false and unsupported, and therefore should be dismissed. Notably, Defendants' contend "The Association For Independent Managers, Inc. . . offered no written or verbal representation to the plaintiffs' therefore, there is a lack of subject matter jurisdiction according to the Parole Evidence Rule, which requires statements be supported by documentary evidence." (Doc. 223 ). With respect to the recently filed second amended complaint, Defendants assert that it "is false on its face in that it is inadequate, lacks support, misstates 'facts', misidentifies parties, and introduces fraud upon the court." (Doc. 247, p. 1). Defendants further argue that Plaintiff's allegations amount to "fraud on the court that causes the court to lose subject matter jurisdiction whereby it should dismiss these defendants." *Id.* at 2

In response to Defendants' motions, Plaintiffs' assert the *pro se* Defendants are improperly asserting arguments on behalf of the corporate Defendant AIM, because a corporation must be represented by counsel. Plaintiffs' further assert that a motion to dismiss is not the proper vehicle to factually challenge Plaintiffs' evidence in this matter. The undersigned agrees.

    *B. Applicable Law*

In considering a motion to dismiss under Fed. R. Civ. Proc. 12, "reviewing courts construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true…". *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. Ohio 2006); *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 299 (6th Cir. 2006). A motion to dismiss does not test the sufficiency of the evidence, but rather the sufficiency

of the pleadings.  The test is whether the allegations of the pleadings plausibly set forth a set of facts which—if presumed to be true—would sufficiently state a claim upon which relief might be granted. *Id.*  Thus, questions of fact relating to Plaintiffs' allegations cannot be decided on Defendants' motion to dismiss. *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 602 (N.D. Ohio 2004) (citing *Newman v. Warnaco Group, Inc.*, 335 F.3d 187, 194-95 (2d Cir. 2003).

Thus, if the Court were to consider Defendants factual challenges to Plaintiffs' allegations, it would be necessary to convert their motions to dismiss into motions for summary judgment.  As noted by Plaintiffs, the Bastie Defendants do not dispute the sufficiency of the Plaintiffs' allegations, but rather the strength of their evidence.  As outlined above, such a challenge is not properly made in motion to dismiss, and is premature at this stage of the proceedings, where discovery is incomplete.  Notably, the discovery deadline in this matter is March 31, 2013.   As result, the undersigned is disinclined to convert Defendants' motions to dismiss into motions for summary judgment.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendants' motions to dismiss (Docs. 213, 233, 247) be **DENIED**.  Furthermore, in so much as the motions to dismiss raise arguments on behalf of AIM, the Bastie Defendants are herein warned for the final time that they cannot represent AIM as it must have counsel. Any further pleadings on behalf of AIM will be stricken unless an attorney makes an appearance on behalf of AIM and files said pleading.

                                              *s/Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,  Case No. 1:10-cv-943

    Plaintiffs,  Dlott, C.J.
                                                Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).