UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,          Case No. 1:10-cv-943

    Plaintiffs,                         Dlott, C.J.
                                       Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

**ORDER**

This civil action is now before the Court on several non-dispostive motions filed by Plaintiffs and *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner (collectively "Bastie Defendants"). (*See* Docs. 268, 272, 277, 278, 281). Each motion will be addressed in turn.

*A. Motions to Strike (Docs. 268, 277)*

The Bastie Defendants filed a "Notice of Fraud and Deficiency" (Doc. 259) asserting, *inter alia*, that the second amended complaint should be dismissed due to various forms of fraud. Plaintiffs move to strike this "Notice" asserting that the pleading is a meaningless, futile, and confusing. (Doc. 268). Thereafter, the Bastie Defendants filed a motion to strike Plaintiffs' motion to strike their Notice. (*See* Doc. 277). Upon careful review and in light of the Bastie Defendant *pro se* status, the Court does not find it necessary to strike the notice in question. The arguments raised in the Bastie Defendants notice also appear to be raised in their motion for summary judgment. (Doc. 280 ). Accordingly, such arguments will be addressed at the time the Court rules on the motion for summary judgment. The

parties motions to strike (Docs. 268, 277) are therefore **DENIED.**  However, the Bastie Defendants are herein put on notice that they must file a motion, not a notice, when requesting relief from the Court.

*B. Bastie Defendants' Motion to Clarify  (Doc. 272)*

The Bastie Defendant also seek clarification and reconsideration of the Court's August 27, 2012 Order.  (Doc. 263).  The August 27, 2012 Order denied the Bastie Defendants' motion to quash Plaintiffs' supplemental Affidavit filed in support of their motion for default judgment.  The Order also denied Plaintiffs' motion to strike the Notices filed by Defendants' (*See* Docs. 202, 204, 217, 219) that appear to be objections to Plaintiffs' motion for default judgment and/or the undersigned Report and Recommendation addressing that motion.  Upon review of the instant motion to clarify, the Bastie Defendant's appear to believe that their pleadings have been stricken by the Court and seek clarification and/or reconsideration of that decision.  However, as noted above, Plaintiffs' motion to strike was denied by the Court.  Accordingly, the motion to clarify is **DENIED as MOOT**.[1]

C.  *Bastie Defendants' Motion for Failure to Join a Party (Doc. 278)*

The Basties' further assert that Plaintiffs' have failed to join a party and ask the Court for leave to add the  "Association of Independent Managers" ("AOIM") as a party to this action.  However, as noted by Plaintiffs such a request is unwarranted.  AOIM appears to be a fictitious entity created by Defendants Louis DeLuca and Gary Karns, both of whom are already parties to this action.  Accordingly, the motion for failure to join a party (Doc. 278) is **DENIED as MOOT**.

---

[1] The Bastie Defendants also appear to request a complete copy of the docket.  Accordingly, the CLERK is herein DIRECTED to attached a copy of the docket sheet to this Order.

    D.  *Motion to Amend/Correct (Doc. 281)*

In this motion, the Bastie Defendants seek assistance to repair and amend their prior pleadings that they believe have been stricken by the Court. (Doc. 281). The Court is sympathetic to the challenges faced by *pro se* litigants, however, the Court is not permitted to provide legal advice to the parties. In addition, although the Bastie Defendants have been warned several times that they may not file pleadings on behalf of a corporation; to date, the Court has not stricken any documents filed by the Bastie Defendants. Accordingly, the motion to amend/correct (Doc. 281) is **DENIED as MOOT**

    **IT IS SO ORDERED.**

                                             *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge