UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,

    Plaintiffs,

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

Case No. 1:10-cv-943

Dlott, C.J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner's (collectively "Bastie Defendants") motion for summary judgment (Doc. 280) and the parties' responsive memoranda. (Docs. 283, 285). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

**I. Relevant Background and Facts**

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants for violations of federal and state law arising out of an alleged fraudulent insurance scheme. (Doc. 1). That same day, Plaintiffs' moved for an ex parte temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendants Americans for Affordable Healthcare, Inc. ("AFAH"), National

Association of Consumers Direct ("NACD"), Spencer & Associates, LLC, Integrated Insurance Marketing, Inc. ("IIM"), CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski.  (Docs. 1-3.)  On January 3, 2011, the Court granted Plaintiffs' motion for a temporary restraining order.  Following a show cause hearing on January 12, 2011, the Court issued a Preliminary Injunction against Defendants AFAH, NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski.  (Doc. 12).

Thereafter, Plaintiffs filed an amended complaint on April 15, 2011.  (Doc. 23).  The 60 page amended complaint asserts fourteen causes of action against more than forty known defendants and up to 100 unknown John Doe Defendants.  The factual allegations are summarized as follows:

Plaintiffs all suffer from cystic fibrosis, which often results in lengthy hospital stays.  Based on their condition, Plaintiffs became interested in hospital indemnity insurance programs that would provide cash payments for a portion of the time that they were hospitalized.  In order to gain access to such benefits, Plaintiffs joined consumer membership associations that offered access to such programs to its members.  However, Plaintiffs allege that the hospital indemnity insurance programs offered by such membership organizations were never properly underwritten by legitimate insurance companies.  Thus, although Plaintiffs made the required monthly premium payments and filed valid claims under the terms of the relevant policies, no claims were ever paid.

After the continued denial of their claims, Plaintiffs' retained counsel in an attempt to secure payment for their pending claims.  Plaintiffs' counsel discovered that many of the membership organizations and affiliated insurance companies have been the subject of

many lawsuits, regulatory investigations, and actions in multiple states with respect to participation in health insurance scams similar to the plans in which Plaintiffs were participants. In light of the foregoing, Plaintiff's amended complaint asserts the following claims against the Defendants individually and collectively:

> Count I - RICO Civil Action
> Count II - Breach of Contract (AFAH Plan)
> Count III - Breach of Contract (NACHP Supplement)
> Count IV - Fraudulent Misrepresentation
> Count V - Negligent Misrepresentation
> Count VI - Negligent Procurement of Insurance
> Count VII- Promissory Estoppel
> Count VIII- Unjust Enrichment
> Count IX - Declaratory Judgment
> Count X - Bad Faith
> Count XI - Liability for Criminal Conduct
> Count XII - Conversion
> Count XIII - Intentional Interference with Contract
> Count XIV - Individual and Vicarious Liability

(Doc. 23).[1]

The Bastie Defendants now move for summary judgment asserting that "disclosure of findings of fact by the authorities…would vindicate these defendants." Upon careful review, their motion appears to assert they have rebutted any accusations against them by submitting the "findings of fact" of various state agencies investigating Louis DeLuca ("DeLuca") and his fictitious organizations. As outlined below, the Basties' motion for summary judgment is not well-taken.

## II. Analysis

In a motion for summary judgment, "a court must view the facts and any inferences

---

[1] Notably, Plaintiffs' also filed a second amended complaint on January 16, 2012, adding additional supporting factually allegations. (Doc. 201). Plaintiffs' asserted causes of action remained unchanged.

that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Id.* at 255 (emphasis added). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

Although reasonable inferences must be drawn in favor of the opposing party, *see Matsushita,* 475 U.S. at 587, inferences are not to be drawn out of thin air.  To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"*Matsushita,* 475 U.S. at 587(citation omitted).

In this case, the Bastie Defendants have failed to provide any evidence as outlined in Rule 56(c) of the Federal Rules of Civil Procedure[2] in support of their motion for summary judgment.  Notably, their motion consists solely of unsupported and conclusory allegations.  Accordingly the Bastie Defendants have failed to establish that they are entitled to judgment as a matter of law.

### III.  Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the Bastie Defendants' motion for summary judgment (Doc. 280) should be **DENIED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Rule 56(c) provides that a motion for summary judgment must be properly supported by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,          Case No. 1:10-cv-943

    Plaintiffs,                               Dlott, C.J.
                                             Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).