UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,                  Case No. 1:10-cv-943

    Plaintiffs,                              Dlott, C.J.
                                             Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiffs' motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Doc. 199) and supporting affidavits. (*See* Doc. 7, Exs. A-D ; Doc. 199, Exs.1-3; Docs. 210, 211). Also before the Court are *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner (collectively "Bastie Defendants") "Notices" to the Court relating to Plaintiff's motion for Default Judgment. (Docs. 202, 204, 211). An evidentiary hearing was held on December 19, 2012, via telephone, whereupon Counsel Kurt Anderson and Richard Garner appeared on behalf of Plaintiffs. Pro Se Defendants Larry Winebrenner, Jack Winebrenner and Paul Olzeski also appeared.

### I. Background and Procedural History

On December 28, 2010, Plaintiffs Bailey Broadbent, Nicholas Berger, Melanie Berger, Lee Ann Schoenrock, Joseph Tritola, Kevin Weiler, Sr., Jennifer Weiler, Jacqueline Weiler, and Colleen Weiler (collectively "Plaintiffs") commenced this action against numerous Defendants for violations of federal and state law arising out of an alleged

fraudulent insurance scheme.  (Doc. 1).  That same day, Plaintiffs' moved for an ex parte temporary restraining order and order to show cause why a preliminary injunction should not issue against Defendants Americans for Affordable Healthcare, Inc. ("AFAH"), National Association of Consumers Direct ("NACD"), Spencer & Associates, LLC, Integrated Insurance Marketing, Inc. ("IIM"), CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski.  (Docs. 1-3.)  On January 3, 2011, the Court granted Plaintiffs' motion for a temporary restraining order.  Following a show cause hearing on January 12, 2011, the Court issued a Preliminary Injunction against Defendants AFAH, NACD, Spencer & Associates, LLC, IIM, CEO Clubs, Inc., Bruce Spencer, Christie Spencer, and Paul J. Olzeski.  (Doc. 12).

Thereafter, Plaintiffs filed an amended complaint on April 15, 2011.  (Doc. 23).  The 60 page amended complaint asserts fourteen causes of action against more than forty known defendants and up to 100 unknown John Doe Defendants.  The factual allegations are summarized as follows:

Plaintiffs all suffer from cystic fibrosis, which often results in lengthy hospital stays. Based on their condition, Plaintiffs became interested in hospital indemnity insurance programs that would provide cash payments for a portion of the time that they were hospitalized.  In order to gain access to such benefits, Plaintiffs joined consumer membership associations that offered access to such programs to its members.  However, Plaintiffs allege that the hospital indemnity insurance programs offered by such membership organizations were never properly underwritten by legitimate insurance companies.  Thus, although Plaintiffs made the required monthly premium payments and filed valid claims under the terms of the relevant policies, no claims were ever paid.

2

After the continued denial of their claims, Plaintiffs' retained counsel in an attempt to secure payment for their pending claims. Plaintiffs' counsel discovered that many of the membership organizations and affiliated insurance companies have been the subject of many lawsuits, regulatory investigations, and actions in multiple states with respect to participation in health insurance scams similar to the plans in which Plaintiffs were participants. In light of the foregoing, Plaintiff's amended complaint asserts the following claims against the Defendants individually and collectively:

    Count I - RICO Civil Action
    Count II - Breach of Contract (AFAH Plan)
    Count III - Breach of Contract (NACHP Supplement)
    Count IV - Fraudulent Misrepresentation
    Count V - Negligent Misrepresentation
    Count VI - Negligent Procurement of Insurance
    Count VII- Promissory Estoppel
    Count VIII- Unjust Enrichment
    Count IX - Declaratory Judgment
    Count X - Bad Faith
    Count XI - Liability for Criminal Conduct
    Count XII - Conversion
    Count XIII - Intentional Interference with Contract
    Count XIV - Individual and Vicarious Liability

(Doc. 23).

On November 17, 2011, the Clerk Entered Default against the following Defendants: Americans for Affordable Healthcare, Inc.; Benetrust Corp.; Craig Cooke; Donald Densmore; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Steven K. McLaughlin; National Alliance of Consumers and Healthcare Professionals; National Association of Consumers Direct; Nuera Direct, Inc; Nuera Meds, Inc.; William Prouty; RX Card Services, Inc. and Robert Stehlin. (Doc. 188). Plaintiffs have since settled and dismissed the following: Steven K. McLaughlin, National Association Of Consumers Direct, Benetrust

3

Corp. and Donald Densmore. (*See* Doc. 306)

On December 30, 2011, Plaintiffs' filed the instant motion for default judgment seeking over $1.6 million in damages from the defaulting parties. On February 12, 2012, in connection with Plaintiffs' motion for default judgment, the Court Ordered Plaintiffs' to provide the court with (1) documentary evidence and/or affidavits clearly evidencing the calculations used to determine plaintiffs' requested damages award, and (2) detailed time sheets or billing statements in support of plaintiffs' claim for attorney fees. Plaintiffs' submitted the requested information and the undersigned issued a Report and Recommendation that Plaintiffs' motion for default judgment be granted in toto. (Doc. 214). Chief Judge Dlott recommitted this matter to the undersigned with instructions to conduct an evidentiary hearing on the matter of damages and to consider any timely filed objections to Plaintiffs' Motion for Default Judgment or any documents filed in support of that motion. (Doc. 261). An evidentiary hearing was held on December 19, 2012, via telephone, whereupon Counsel Kurt Anderson and Richard Garner appeared on behalf of Plaintiffs. Pro Se Defendants Larry Winebrenner, Jack Winebrenner and Paul Olzeski also appeared.

Accordingly, upon careful consideration, the previous R&R (Doc. 214) is hereby WITHDRAWN and the undersigned herein enters the following supplemental Report and Recommendation based upon Judge Dlott's recommittal order and the arguments of counsel at the evidentiary hearing.

**II. Analysis**

Plaintiffs are now before the Court seeking default judgment against the defaulting parties. (Doc. 199). The file and records in this action show: (1) the amended complaint in this action was filed against the Defendants on or about December 28, 2010 (Doc. 23);

4

(2) the summons and complaint were duly served on defendants (Docs. 30, 31, 34, 36, 39, 43); (3) no answer or other defense has ever been filed by Defendants as shown by the records of this Court; (4) default has been entered in the civil docket in the office of the Clerk of this Court (Doc. 188); and (5) no proceedings have been taken by Defendants since the default was entered.

Fed. R. Civ. P. 55(b)(1) provides that after entry of default, if the Plaintiffs' claim is for a sum certain or a sum that can be made certain by computation, the clerk must enter default judgment. Ordinarily, the default itself establishes the defendant's liability. Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). *See also Trice v. Lake & Country Real Estate,* No. 86-1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Accepting as true the facts set forth in the amended complaint, the amended complaint establishes that the defaulting parties coordinated and conspired with one another to create and implement insurance plans designed to illegally launder money and defraud Plaintiffs. (*See* Doc. 23, ¶¶ 22-28, 32, 42, 44-48). The amended complaint further establishes that the defaulting parties acted with a conscious disregard for the rights and safety of others causing substantial harm to Plaintiffs, as required to recover punitive damages in Ohio. *See Preston v. Murty,* 32 Ohio St. 3d 334, 336, 512 N.E.2d 1174, 1176 (1987). As such, Defendants are liable to Plaintiffs for breach of contract, negligent misrepresentation, fraudulent misrepresentation, conversion, criminal conduct pursuant to Ohio Rev. Code §2307.60, negligence, bad faith, as well as violations of 18 U.S.C.

5

§1964(c) (RICO claim).

As to the amount of damages, Plaintiffs request that default judgment be entered jointly and severally as follows: Judgment in favor of Plaintiffs as follows: treble damages in the amount of $907,350.00 (base claim is $302,450.00), punitive damages in the amount of $604,900.00, attorney's fees in the amount of $213,540.81, for a total sum of $1,725,790.81 plus prejudgment interest and postjudgment interest.

In support of their motion for default judgment, Plaintiffs' have provided: (1) Affidavits of Plaintiffs Lee Ann Scheonrock, Bailey Broadbent, Melanie Berger, and Joseph Tritola, previously filed with this Court on January 11, 2011 (Doc. 7, Exs. A-D ); (2) Affidavits of Kevin, Colleen, and Jacqueline Weiler (Doc. 199, Exs. 1-3); and (3) the affidavit of Richard M. Garner. (Doc. 199, Ex. 4).[1] Upon request by the Court, Plaintiffs filed a supplemental affidavit which included a detailed damage calculation in support of the amounts sought. (Doc. 210). Plaintiffs have also provided the Court with an additional affidavit of attorney Richard M. Garner with supporting documentation to establish the amount of costs and attorney fees incurred.[2] (Doc. 211). In addition, in advance of the evidentiary hearing, Plaintiff's counsel submitted an updated itemization of the Plaintiffs' attorney fees incurred through Friday, December 14, 2012, totaling $213,540.81, in support of their Default

---

[1] Plaintiff also submitted an Affidavit that complies with the requirements of the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), which shows that Defaulting Defendants Craig Cooke, Donald Densmore, Gary Karns, Steven K. McLaughlin, William Prouty, and Robert Stehlin are not currently serving in the military or is otherwise unable to determine if defaulting party is in military service. (Doc. 199, Ex. 5).

[2] The affidavit and time sheets were submitted to the Court, *in camera*, due to the protected and privileged information contained therein. (Doc. 211).

Motion's request for attorney fees. (Attached hereto as Ex. A).[3]

Notably, *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner (collectively "Bastie Defendants") filed several "Notices" to the Court relating to Plaintiff's motion for Default Judgment. (Docs. 202, 204, 211, 217). The Bastie Defendants appear to object to Plaintiff's motion for default judgement asserting the affidavit of Plaintiff Weiler contains "false testimony." Defendants, however, failed to provide any evidence in support of these assertions. More importantly, as previously found by the Court, Defendants arguments are irrelevant to Plaintiffs' Motion for Default Judgment as the motion pertains to other parties to this action and the Bastie Defendants are not subject to the instant motion for default judgment. (*See* Doc. 263).

Accordingly, upon careful review, the evidence establishes that pursuant to the hospital indemnity programs, certain Plaintiffs were entitled to receive $1,000 per day for each hospital confinement under the Americans for Affordable Healthcare Plan ("AFAH"), and $500 a day of hospital confinement under the National Alliance of Consumers and Healthcare Professionals Plan ("NACHP"). Having carefully reviewed Plaintiffs' documentation setting forth their damages calculation and based on the arguments of counsel at the evidentiary hearing, the Court finds that Plaintiffs have established their right to recover the damages amounts set forth in the motion for default judgment. However, the undersigned disagrees with Plaintiffs request to hold the defaulting parties jointly and several as to the total damage award. Notably, the amended complaint establishes that Plaintiffs Scheonrock, Broadbent, Berger and Tritola claims arise from their participation

---

[3] The exhibit is being docketed under seal to protect any privileged material.

in the American's for Affordable HealthCare (AFAH) hospital indemnify program.[4] Plaintiffs J. Weiler and C. Weilers claims arise from their participation in the National Alliance of Consumers and Healthcare Professionals Plan ("NACHP") hospital indemnity program.[5] Both plans are based upon similar schemes, however, the claims related to each plan are separate and distinct, involving different facts and parties. As such, the undersigned finds that the defaulting parties should be held jointly and severally liable only for Plaintiffs' claims connected with each Plan. *See United States v. Twp. of Brighton*, 153 F.3d 307, 318 (6th Cir. 1998) (quoting Restatement (Second) of Torts § 433A.)("[d]amages for harm are to be apportioned among two or more causes where (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm." *See also Davis v. Mut. Life Ins. Co. of New York*, C-1-87-727, 1990 WL 375612 (S.D. Ohio Aug. 10, 1990) *order aff'd in part, vacated in part,* 6 F.3d 367 (6th Cir. 1993) (defendants liable to the plaintiffs for attorneys' fees based upon each defendant's percentage of the total liability for damages as set forth in the Judgment).

Accordingly, Plaintiffs are entitled to the following damage amounts:

As to the defaulting parties associated with AFAH:

---

[4] According to the amended complaint, the defaulting parties relating to the AFAH Plan include: defendants Americans for Affordable Healthcare, Inc.; Craig Cooke; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Nuera Direct, Inc; Nuera Meds, Inc.; RX Card Services, Inc.

[5] According to the amended complaint, the defaulting parties relating to the NACHP Plan include: defendants National Alliance of Consumers and Healthcare Professionals;William Prouty; and Robert Stehlin.

(A) Plaintiff Lee Ann Scheonrock
    Hospitalized 67 days x $1,000 per day AFAH  =  $67,000.00

(B) Plaintiff Bailey Broadbent
    Hospitalized 52 days x $1,000 per day AFAH  =  $52,000.00
    Office visits 4 x $75.00 per AFAH visit plan  =  $300.00

(C) Plaintiff Melanie Berger
    Hospitalized 57 days x $1,000 per day AFAH  =  $57,000.00
    Office Visits 2 x $75.00 per visit AFAH  =  $150.00

(D) Plaintiff Joseph Tritola
    Hospitalized 97 days x $1,000 per day AFAH  =  $97,000.00

**Total Base Claims = $273,450.00**[6]

**Treble Damages**[7]
$273,450.00 (amount of base claim) x 3  =  $820,350.00

**Punitive Damages**[8]
$273,450.000 (amount of base claim) x 2  =  $546,900.00

**Attorney's Fees**
$142,360.54 = 2/3 of $213,540.81 of Plaintiffs' fees as of the date of the evidentiary hearing held on December 19, 2012  =  $142,360.54

**Total Damage Award = $1,509,610.54**

---

[6] The total base claim is shown to calculate the treble and punitive damages but is not included in the total damage award.

[7] Plaintiffs' are entitled to recovery of treble damages and attorney fees for Defendants' RICO violations. *See* 18 U.S.C. §1964(c)

[8] Ohio courts have held that doubling the amount of compensatory damages for a punitive damages award is not excessive. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 781 N.E.2d 121 (Ohio 2002).

As to the defaulting parties associated with NACHP:

(A) Plaintiff Jacqueline Weiler

    Hospitalized 27 days x $500 per day NACHP   =   $13,500.00

(B) Plaintiff Colleen Weiler

    Hospitalized 47 days x $500 per day NACHP   =   $15,500.00[9]

                                     **Total Base Claims  =   $29,000.00**

**Treble Damages**[10]
$29,000.00 (amount of base claim) x 3   =   $87,000.00

**Punitive Damages**[11]
$29,000.00 (amount of base claim) x 2   =   $58,000.00

**Attorney's Fees**
$71,180.27 = 1/3 of $213,540.81 as of the date of the evidentiary
hearing held on  December 19, 2012   =   $71,180.27

                                     **Total Damage Award   =   $216,180.27**

---

[9] This amount is 31 days x $500 per day under the NACHP plan.  The maximum allowance under the NACHP is 31 days.

[10] Plaintiffs' are entitled to recovery of treble damages and attorney fees for Defendants' RICO violations.  See 18 U.S.C. §1964(c)

[11] Ohio courts have held that doubling the amount of compensatory damages for a punitive damages award is not excessive.  *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St.3d 77, 781 N.E.2d 121 (Ohio 2002).

### III. Conclusion

Based on the foregoing, **IT IS THEREFORE RECOMMENDED THAT**:

(1) Plaintiffs' motion for default judgment (Doc. 199) should be **GRANTED**, and;

(2) Default judgment should be entered in favor of Plaintiffs: (A) jointly and severally, against Defendants Americans for Affordable Healthcare, Inc.; Craig Cooke; IRG Brokerages, LLC; Gary L. Karns; Karns, Inc.; Nuera Direct, Inc; Nuera Meds, Inc.; RX Card Services, Inc. for a total of **$1,509,610.54**, as outlined above, plus prejudgment and postjudgment interest; and (B) jointly and severally against Defendants National Alliance of Consumers and Healthcare Professionals; William Prouty; and Robert Stehlin for a total of **$216,180.27**, as outlined above, plus prejudgment and postjudgment interest.

                                                       *s/Stephanie K. Bowman*
                                                       Stephanie K. Bowman
                                                       United States Magistrate Judge

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BAILEY BROADBENT, et al., | Case No. 1:10-cv-943 |
| Plaintiffs, | Dlott, C.J.<br>Bowman, M.J. |
| vs. | |
| AMERICANS FOR AFFORDABLE<br>HEALTHCARE INC., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981)