UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,          Case No. 1:10-cv-943

    Plaintiffs,                             Dlott, C.J.
                                          Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on *pro se* Defendants Gary Bastie, Roberta Bastie, Jack Winebrenner, and Larry Winebrenner's (collectively "Bastie Defendants") motion to dismiss (Doc. 301) and Plaintiffs' memorandum *contra*. (Doc. 304 ). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review of both dispositive and non-dispositive motions. *See* 28 U.S.C. § 636(b).

Upon careful review, the undersigned finds that the Bastie Defendants' instant motion raises similar, if not identical, arguments to those raised in their previously filed motion to dismiss and motion for summary judgment. (See Docs. 264, 294).[1] As in their prior motions, the Bastie Defendants assert, *inter alia*, that the allegations contained in the second amended complaint are false, unsupported, and amount to a fraud on the Court. As such, the Bastie Defendants assert that the second amended complaint should be dismissed. (Doc. 301). However, such arguments were addressed and rejected by the

---

[1] The relevant background and facts have been set forth by the Court at length and will not be repeated here. (*See* Docs. 192, 264, 294, 307).

Court in its Orders denying the Bastie Defendant's motion to dismss and motion for summary judgment. (Docs. 275, 311).

As previously noted by the Court, in considering a motion to dismiss under Fed. R. Civ. Proc. 12, "reviewing courts construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true…". *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. Ohio 2006); *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 299 (6th Cir. 2006). A motion to dismiss does not test the sufficiency of the evidence, but rather the sufficiency of the pleadings. The test is whether the allegations of the pleadings plausibly set forth a set of facts which—if presumed to be true—would sufficiently state a claim upon which relief might be granted. *Id.* Thus, questions of fact relating to Plaintiffs' allegations cannot be decided on Defendants' motion to dismiss. *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 602 (N.D. Ohio 2004) (citing *Newman v. Warnaco Group, Inc.*, 335 F.3d 187, 194-95 (2d Cir. 2003).

Moreover, the instant motion also fails as a matter of law even if the Court were to consider Defendants factual challenges to Plaintiffs allegations, and convert their motion to dismiss into a motion for summary judgment. In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted).

In the instant motion, the Bastie Defendants have failed to provide any evidence as outlined in Rule 56(c) of the Federal Rules of Civil Procedure[2] in support of their motion for summary judgment. Notably, their motion consists solely of unsupported and conclusory allegations. Accordingly the Bastie Defendants have failed to establish that they are entitled to judgment as a matter of law.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the Bastie Defendants' motion to dismiss (Doc. 301) should be **DENIED**.

                                                 *s/Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

---

[2] Rule 56(c) provides that a motion for summary judgment must be properly supported by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAILEY BROADBENT, et al.,          Case No. 1:10-cv-943

    Plaintiffs,                          Dlott, C.J.
                                        Bowman, M.J.

vs.

AMERICANS FOR AFFORDABLE
HEALTHCARE INC., et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).